IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN HENDERSON,

       Plaintiff,                      No. CIV S-06-1325 FCD PAN P

    vs.

T. FELKER, Warden, et al.,

       Defendants.

_____/      <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $10.28 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's inclusion of Warden T. Felker and Chief Medical Officer Dr. Roche is based solely on a theory of respondeat superior. For the foregoing reasons, the court will not order service of process on said defendants.

/////

1       Plaintiff also names Dr. French and John Does 1-10 as defendants, but there are no charging allegations against Dr. French or John Does 1-10.  Plaintiff states that Dr. French examined an infection in his toe and prescribed a course of antibiotic medications.  Plaintiff was not seen by Dr. French in a follow-up examination. Plaintiff's infection resolved after treatment. For the foregoing reasons, there are no charging allegations against Dr. French. Plaintiff states that John Does 1-10 were aware of his need for medication and for appointments to see medical personnel, but fails to allege specific acts or omissions regarding these individuals. The court will not, therefore, order service of process on Dr. French or John Does 1-10.

      On July 11, 2006, plaintiff filed a request to add a defendant to this action. Plaintiff is entitled to amend his complaint once as of right.  Upon amending his complaint, plaintiff may add this defendant, but his complaint must be complete in itself.  The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. For the foregoing reasons, plaintiff's complaint and request to add a defendant will be dismissed with leave to amend the complaint.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Plaintiff's request for leave to proceed in forma pauperis is granted.

      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $10.28.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

/////

3. Plaintiff's complaint filed June 15, 2006, and request to add a defendant filed July 11, 2006, are dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: July 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

14
hend1325.14.new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN HENDERSON,

        Plaintiff,                No. CIV S-06-1325 FCD PAN P

    vs.

T. FELKER, Warden, et al.,        NOTICE OF SUBMISSION

        Defendants.            OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____    completed summons form

    ____    completed USM-285 forms

    ____    copies of the _____
                       Complaint/Amended Complaint

DATED:

                                           _____
                                           Plaintiff