IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN HENDERSON,

        Plaintiff,                    No. CIV S-06-1325 FCD EFB P

    vs.

T. FELKER, Warden, et al.,,

        Defendants.           FINDINGS AND RECOMMENDATIONS

                              /

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. His October 4, 2006, amended complaint alleges that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The matter is now before the court on defendants' July 25, 2007, motion to dismiss on the grounds that plaintiff failed to exhaust available administrative remedies as to two defendants and fails to state a claim against the others.

**I.    Facts**

       Plaintiff was transferred to High Desert State Prison ("HDSP") on August 11, 2005.[1] Amended Complaint (hereafter "Am. Compl.") at 3. On August 11, 2005, plaintiff was

---

[1] These facts are taken from the amended complaint and attached exhibits. The page references are to the electronic filing page numbers on the amended complaint.

1

screened by HDSP pursuant to their screening policies. *Id.* From August 11, 2005 to August 26, 2005, he was receiving insulin, but not Neurontin or Enalapril, for his diabetes. Am. Compl. at 4. During this time, he was advised by an unknown party that HDSP does not provide Neurontin. *Id.* On August 23, 2005, plaintiff was seen by Doctor Wolf. *Id.* Doctor Wolf prescribed both Neurontin and Vasotec (enalapril) for sixty days. *Id*. at 37. Plaintiff received enalapril on August 26, 2005, but did not receive Neurontin. *Id*. at 4. On August 29, 2005, plaintiff submitted an administrative appeal, stating that he did not receive his medication and requesting to see a doctor to obtain medical orders for: (1) a special diet; (2) daily access to an exercise yard; and (3) an emergency plan. *Id.* On September 8, 2005, plaintiff was seen for his diabetes and hypertension by Doctor Cox. Am. Compl. at 38. Doctor Cox wrote a prescription for vasotec (enalapril) and Neurontin for ninety days. Am. Compl. at 35. Then, on November 14, 2005, plaintiff was given a refill of Neurontin for ninety days. Am. Compl. at 5.

Plaintiff's appeal was exhausted on January 5, 2006. Am. Compl. at 5. At that time, plaintiff was instructed that diabetic inmates are afforded the same access to exercise time as other inmates, that there is no special diet for diabetic inmates, that he should eliminate high carbohydrates, and that he will only be provided medical services that are based on necessity. Am. Compl. at 5-6.

After the exhaustion of plaintiff's administrative appeal, he got a hangnail on his left foot. Am. Compl. at 6. On February 7, 2006, he was seen by Nurse Practitioner French.[2] *Id.* He was placed on antibiotics and instructed to soak his foot three times a day. *Id.* He was seen by a registered nurse on February 24, 2006. *Id*. at 7. She examined him and scheduled him for a follow-up visit. *Id.* On March 19, 2006, plaintiff's prescription for Neurontin expired. *Id*. He was seen on March 24, 2006, by Dr. Cox. *Id.* Dr. Cox discontinued plaintiff's prescription for Neurontin. *Id.*

---

[2] Plaintiff identifies defendant French as a medical doctor in his amended complaint; however, French is a Nurse Practitioner.

On August 29, 2005, plaintiff submitted a grievance, claiming he did not receive his Neurontin and challenging the medical policies at HDSP. *Id.* This grievance was exhausted at the Director's level on January 5, 2006. *Id*. at 5. That grievance does not concern the conduct of Defendants French and Cox.

**II.     Failure to Exhaust Administrative Remedies**

**A.   Standards Applicable to The Exhaustion**

Defendants seek dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined. The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[3] *Wyatt*, 315 F.3d at 1119. However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses on summary judgment. Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

**B. Summary Judgment Standards**

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

---

[3] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint. It is a motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.* In this regard, the Ninth Circuit in *Wyatt* provides further guidance. It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14

3

*Catrett*, 477 U.S. 317, 322 (1986).[4]  As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added).  Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

////

////

---

[4] On April 10, 2007, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

4

**C. Analysis**

A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). This requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and the prisoner is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id.*, at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id.*, at § 3084.5. A division head reviews appeals on the first formal level, *see id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id.*, at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id.*, at § 3084.1(a).

Plaintiff filed an appeal on August 29, 2005, which was exhausted on January 5, 2006. Am. Compl. at 53. Plaintiff's only alleged claims against defendant French occurred after the exhaustion of his appeal. He claims that, on February 7, 2006, "[d]r. French then recommended that I get more exercise to increase the blood flow in my legs and feet and to try to eat better, but Dr. French would not document this in my file." Am. Compl. at 6. Similarly, the claims against

5

defendant Cox occurred after exhaustion of this grievance.  That is, plaintiff alleges that on March 24, 2006, defendant Cox failed to order exercise and refused to prescribe neurontin.  Am. Compl. at 7.  Defendant filed no appeal pertaining to the conduct of French or Cox as alleged in the amended complaint.  *See* Defs.' Mot. to Dism., Exs. A & B, Declaration of N. Grannis and D. Jackson, Attach. A.  The court therefore recommends granting the motion to dismiss as to defendants French and Cox for plaintiff's failure to exhaust administrative remedies against them prior to filing suit.

**III.    Failure to State a Claim Upon Which Relief May be Granted**

      **A. Standards on a Motion to Dismiss**

The Supreme Court has recently had occasion to revisit and clarify the standards governing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964, 1970 (2007)  (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action.  *Bell Atlantic*, 127 S.Ct. at 1965.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Id*.

The crux of the standard is this.  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When a motion to dismiss attacks the sufficiency of the facts plead, the court assumes the complaint's factual allegations as

true and determines whether those assumed facts give rise to a cause of action. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). In doing so, the court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Although courts will not normally look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion,[5] *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id*. Moreover, the court may disregard allegations of the complaint that are contradicted by attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Additionally, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v.*

---

[5] When a party relies on matters extrinsic to the complaint, Rule 12(b)(6) expressly mandates that the court either disregard the extrinsic material or invoke the procedural protections afforded under Rule 56 so that the non-moving party is provided the opportunity to present evidence sufficient to overcome the motion. These procedures include converting the matter to a motion for summary judgment under Rule 56 and providing notice to the non-moving party that the facts challenged in the complaint must be supported with evidence adequate to demonstrate a genuine issue of material fact. *Rosales v. United States*, 824 F.2d 799, 802 (9th Cir 1987) (If matters external to the pleadings are presented to the court and not excluded, a Rule 12(b)(6) motion for failure to state a claim must be treated as a motion for summary judgment.).

*Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

However, pro se pleadings are not exempt from the requirements of complaints generally. Although the court has an obligation to construe the pleadings of a pros se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

To state a claim under 42 U.S.C. § 1983, plaintiff must allege that an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but

8

that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989), and "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1986) (internal citations omitted).

### 1. **Plaintiff's Policy Claims against Dovey, Felker, and Roche**

In his complaint, plaintiff alleges that defendant Dovey, Director of Adult Institutions for the California Department of Corrections and Rehabilitation ("CDCR"), defendant Felker, Warden of High Desert State Prison, and defendant Roche, Chief Medical Officer, were responsible for promulgating policies governing CDCR's health care delivery system, and thereby seeks to hold them indirectly liable.

To state a claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such injury as to demonstrate reckless or callous indifference to constitutional injury. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4 (9th Cir. 2002).

Liability for policies and practices exists "if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force

9

of the constitutional violation." *MacKinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir. 1995). The policies and procedures governing CDCR's medical delivery system are established by the stipulated class action relief as identified in *Plata v. Davis*, 329 F.3d 1101, 1105 and n.3 (9th Cir. 2003).[6] The Ninth Circuit reviewed the *Plata* resolution as follows:

> The stipulation called for the CDC to implement Health Care Services Division Policies and Procedures "designed to meet or exceed the minimum level of care necessary to fulfill the defendants' obligation to plaintiffs under the Eighth Amendment of the United States Constitution." Under the stipulation, CDC institutions became subject to a schedule of audits to determine their compliance with the Policies and Procedures. They are also required to provide access to records, information, housing, and persons including staff and inmates. *Id*.

*Plata* recognized that the policies and procedures pertaining to the treatment of diabetic patients met the constitutional standard for care. *Id*. The *Plata* stipulation additionally includes clauses to address the concerns of specific prisoners.

Plaintiff does not allege that defendants Dovey, Felker, and Roche have failed to comply with the policies required by *Plata* or that defendants have promulgated different policies independent of the *Plata* decision, which are constitutionally defective. Neither does he contend that he invoked the *Plata* stipulation's relief to correct any alleged deficient policy or enforcement of a policy. Plaintiff has not, therefore, alleged sufficient facts to state a cause of action based on deliberate indifference against defendants Dovey and Felker. Plaintiff does not allege that defendant Roche has failed to implement the *Plata* class action policies and procedures and he has not otherwise alleged facts which would show that these defendants were deliberately indifferent to his medical needs. Accordingly, plaintiff's claims against defendants Dovey, Felker, and Roche based on a respondeat superior theory of liability must be dismissed.

---

[6] The court grants defendants' request to take judicial notice of the June 13, 2003, "Stipulation and Order for Injunctive Relief," in *Plata, et al. v. Schwarzenegger, et al.*, 3:01-cv-01351 TEH. A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

### 2. **Plaintiff's Medical Claims against Defendant Roche**

Plaintiff claims that defendant Dr. Roche "did not do his job effectively" by refusing to approve neurontin for plaintiff's continuing treatment. Am. Compl. at 11. Plaintiff states in his amended complaint, however, that he received Neurontin on September 5, 2007, and on November 11, 2005, and that Dr. Cox refused to refill his prescription. Am. Compl. at 7. Plaintiff further claims that defendant Roche was made aware of his complaints regarding his medical treatment yet did nothing and therefore violated plaintiff's Eighth Amendment rights.

Plaintiff filed a grievance regarding renewal of his Neurontin prescription on August 29, 2005. That appeal was partially granted at the first level because the reviewer found that plaintiff had in fact received Neurontin. Am. Compl., at 49-50. Plaintiff pursued his appeal to the second level where it was reviewed and partially granted by defendant Roche. In that decision, Roche wrote, in relevant part:

> As was noted in the first level response, you are enrolled in the chronic care program at HDSP and you receive regularly scheduled clinic services. You are receiving treatment for hypertension and diabetes. The pharmacy profile indicated your prescribed medications include Enalapril, Metformin, Neurontin, Ibuprofen, and Insulin. The Neurontin prescription was refilled on 11/14/05. There is no physician request for you to receive a diabetic snack or specially prepared meals. If you become hypoglycemic, glucose gel is available either in the clinic or from the MTA. There is no physician request for you to have the gel in your possession. You are reminded that only a member of the health care staff can prescribe treatment for an inmate . . . . Based on this information, your appeal is partially granted. You received effective medical treatment that includes Neurontin.

Am. Compl. at 51-52.

Plaintiff has failed to allege facts to support his contention that defendant Roche was in any way personally liable for depriving him of the treatment he requested. Defendant Roche partially granted plaintiff's appeal, stated that he was receiving the medication that he requested, and advised plaintiff that he required a prescription from a member of the health care staff for any treatment he receives. In his complaint, plaintiff has failed to show "that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that

1  they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson*,
2  90 F.3d at 332.  Plaintiff has failed to state a claim against Dr. Roche and defendant's motion to
3  dismiss must be granted.

### 3. Plaintiff's Claims against Defendants Wolf and Cox

Plaintiff alleges that defendant Dr. Wolf acted with deliberate indifference to his serious medical needs by failing to prescribe Neurontin for more than 30 days, and to write an order for a special diet, including a diabetic snack, yard time based on medical condition, and a glucose tube to carry on his person. He states in his amended complaint that "[o]n 8/23/05 my request to see a doctor was finally answered. Dr. Wolf looked over my medical files and asked a few questions. Dr. Wolf then told me he agreed that I should be on the medication Neurontin and Enalalpril." Am. Compl. at 4. As exhibits to his amended complaint, plaintiff attached the prescriptions for this medication, including a prescription for Neurontin, on August 25, 2005, for sixty days. Am. Compl. at 37. As to the special diet, yard time based on a medical condition, and the glucose tube, these items were not ordered based on defendant Wolf's medical opinion and the requirement that he follow the policies and procedures promulgated in *Plata.*

Defendants argue that plaintiff has failed to plead with any specificity any allegations against defendant Cox for conduct prior to the filing of the grievance giving rise to this litigation. Plaintiff makes the allegation that "[o]n 9/1/05, 9/8/05 and 10/6/05 I attempted to get orders from Dr. Wolf and Dr. Cox, each visit was met with deliberate indifference for my serious medical needs." Am. Compl. at 4.

As stated above, a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989), and "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981) (internal citation omitted). Plaintiff has once again not shown that "the course of treatment the doctors chose was medically unacceptable under the circumstances . . .

and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson*, 90 F.3d at 332. Plaintiff has failed to state a claim against defendants Wolf and Cox.

### IV. Conclusion

In accordance with the above, it is hereby RECOMMENDED that defendants' July 25, 2007, motion to dismiss be granted and the Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 3, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE