IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN HENDERSON,

        Plaintiff,                        No. CIV S-06-1325 FCD EFB P

        vs.

T. FELKER, Warden, et al.,

        Defendants.               ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In accordance with the remand order issued by the U.S. Court of Appeals for the Ninth Circuit, discussed below, the court finds that plaintiff's October 4, 2006 amended complaint states a claim against defendants Dovey, Felker and Roche, and directs those defendants to file an answer.

      On November 30, 2006, the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(b). The court found that service was appropriate for defendants Dovey, Felker, and Roche.[1] Dckt. No. 17.

---

[1] The court also found that service was appropriate for defendants Cox, Wolf and French. Dckt. No. 17. Defendants Cox, Wolf and French subsequently moved to dismiss on the ground that plaintiff failed to exhaust administrative remedies. Dckt. No. 33. The court granted their

1

1    The amended complaint alleged, in relevant part, as follows. Plaintiff is an insulin dependent diabetic with related complications, including high blood pressure and neuropathy, which causes poor blood flow, and pain and numbness in his legs and feet. Without proper preventative care, plaintiff is at high risk for heart disease, stroke, infection, blindness and amputation. Thus, plaintiff requires: 1) daily access to an exercise yard to walk or run to increase the blood flow to his heart and legs; 2) effective distribution of medications (including insulin to control sugar levels, Neurontin for pain, and enalapril for high blood pressure); 3) a special diet prepared by a medically trained dietician; and 4) an emergency plan to prevent hypoglycemia while confined in a cell overnight.

While housed at "Delano State Prison," plaintiff was provided with daily exercise, prescribed his needed medications, and provided with an emergency snack to prevent hypoglycemia while locked in a cell overnight. On August 11, 2005, however, plaintiff was transferred to High Desert State Prison. Pursuant to High Desert's medical screening policy, plaintiff's pain and blood pressure medications were discontinued upon his arrival, without any medical exam or review of his medical records. Plaintiff did not receive his blood pressure medicine until August 26, 2005, and did not receive his pain medication until September 5, 2005. Plaintiff was in pain during the time he was without his medications. Additionally, High Desert's yard policy afforded plaintiff yard access only five times a month. Further, High Desert did not provide special diets for diabetic inmates and had a policy against providing emergency snacks to prevent hypoglycemia. According to plaintiff, defendants Dovey, Felker, and Roche ("defendants") implemented and approved these policies and practices, which had an overall effect of denying plaintiff his right to adequate medical care, in violation of the Eighth Amendment.

////

motion and the Ninth Circuit affirmed the dismissal of those claims. Dckt. Nos. 45, 50, 56.

On July 25, 2007, defendants moved to dismiss on the ground that plaintiff failed to state a claim for relief. Dckt. No. 33. They argued that plaintiff failed to state a claim for deliberate indifference to a serious medical need because plaintiff had not alleged that they had failed to comply with the policies required by *Plata v. Davis*, 329 F.3d 1101 (9th Cir. 2003), or that plaintiff had invoked the *Plata* stipulation's relief to correct any alleged deficient policy or enforcement of a policy. *Id.* at 6-7. Roche also argued that plaintiff failed to state a claim that Roche denied plaintiff his medication because plaintiff admitted that he had received his medication and because the claim was based on a theory of respondeat superior. *Id.* at 8. Defendants also argued that plaintiff's claims for injunctive relief should be dismissed because, per *Plata*, the power to change the policies or procedures relating to the delivery of medical care in the California prison system are vested in the court-appointed Receiver. *Id.* at 11-12. On March 31, 2008, the court granted defendants' motion to dismiss in full and judgment was duly entered. Dckt. Nos. 45, 50, 51.

Plaintiff appealed the judgment to the Ninth Circuit. Dckt. Nos. 52, 53. In a memorandum decision dated October 5, 2009, the Ninth Circuit affirmed the dismissal of plaintiff's claim against defendant Roche premised on Roche's alleged failure to provide medication. Dckt. No. 56 at 2. However, the Ninth Circuit vacated the judgment to the extent it dismissed claims alleging that Dovey, Felker, and Roche executed and enforced unconstitutional policies pertaining to the treatment of diabetic inmates. *Id.* The Ninth Circuit remanded for further proceedings, and directed the district court to consider, independent of *Plata*, whether plaintiff's amended complaint states a claim against defendants Dovey, Felker and Roche, and if not, whether leave to amend is appropriate. *Id.* at 2-3.

To state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant

3

possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Neither defendant's negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, as described above, plaintiff has alleged in his amended complaint that while he was housed at the Delano prison he was provided daily exercise, the necessary medications, and the emergency snacks to prevent hypoglycemia (insulin shock) while locked in his cell overnight, that were all necessary to control his diabetes. However, he further alleges that after being relocated to the High Desert prison these defendants, under their medical screening policy, limited plaintiff to yard exercise only five times per month, refused special diets for diabetics, and refused emergency snacks to counter insulin reactions during overnight confinement in the locked cell. Plaintiff also alleges that these defendants, without any medical exam or review of his medical records, discontinued plaintiff's pain and blood pressure medications. If true, these facts are adequate to show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d at 394 (deliberate indifference may be shown by the denial, delay or intentional

4

interference with medical treatment or by the way in which medical care is provided). Therefore, plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to medical needs based on defendants' alleged policies and practices relating to the treatment of diabetic inmates.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint states an Eighth Amendment claim against defendants Dovey, Felker and Roche.

2. Defendants Dovey, Felker and Roche shall, within 30 days of the date of this order, file an answer.

Dated: November 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE