IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN HENDERSON

   Plaintiff,      No. CIV S-06-1325 FCD EFB P

 vs.

T. FELKER, et. al.,

   Defendants.    <u>ORDER</u>

_____/

   Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He filed a motion on April 8, 2011 requesting that the court "determine the sufficiency of answers to interrogatories and admissions of defendants and of documents produced by defendants," which the court construes as a motion to compel. Dckt. No. 86. Defendants Roche, Felker and Dovey oppose plaintiff's motion. Dckt. No. 88. For the reasons provided below, plaintiff's motion is granted in part and denied in part.

**I. Background**

   This action proceeds on the October 4, 2006 amended complaint in which plaintiff alleges
that he is an insulin dependent diabetic with related complications, including high blood pressure and neuropathy, which causes poor blood flow, and pain and numbness in his legs and feet. He

further alleges that without proper preventative care, he is at high risk for heart disease, stroke, infection, blindness and amputation. Plaintiff alleges that he requires: 1) daily access to an exercise yard to walk or run to increase the blood flow to his heart and legs; 2) effective distribution of medications (including insulin to control sugar levels, Neurontin for pain, and Enalapril for high blood pressure); 3) a special diet prepared by a medically trained dietician; and 4) an emergency plan to prevent hypoglycemia while confined in a cell overnight. According to plaintiff, defendants Dovey, Felker, and Roche ("defendants") implemented and approved policies and practices at High Desert State Prison ("High Desert"), which had an overall effect of denying plaintiff his right to adequate medical care, in violation of the Eighth Amendment. *See* Dckt. No. 16.

On March 8, 2011, plaintiff filed several motions to compel defendants to fully answer his discovery requests. Dckt. Nos. 81-84. On April 13, 2011, the court denied those latter motions because plaintiff did not indicate how any of the responses were deficient. Dckt. No. 87. The court also explained, that "[w]ithout knowing how defendants responded to plaintiff's discovery requests, or on what grounds plaintiff moves to compel further responses, there is no basis on which to grant plaintiff's motions." *Id.* at 2.

On April 25, 2011, plaintiff filed objections to the court's April 13, 2011 order. Dckt. No. 89. It is not clear to the court on what basis plaintiff objects. However, it appears that plaintiff may be under the mistaken belief that the April 13 order denied his April 8 motion, which is only now being considered by the court. Accordingly, the objections will be disregarded.

**II.     Plaintiff's April 8, 2011 Motion (Dckt. No. 86)**

On April 8, plaintiff moved "for an order to determine the sufficiency of the responses to requests for interrogatories and admissions served on defendants . . . . and that this court determine the sufficiency of documents produced by the defendants." Dckt. No. 86. Defendants opposed plaintiff's motion on April 18. Dckt. No. 88. Without specifically addressing any of

2

the discovery responses that plaintiff challenges, defendants contend that plaintiff's motion should be denied in its entirety because they "have fully responded to all written discovery, to the best of their knowledge, and therefore complied with the respective Discovery Rules, and because [plaintiff] has failed to meet his burden as to why Defendants' responses were not appropriate." *Id.* at 2.

Plaintiff identifies specific discovery responses as deficient. Although he does not articulate why the responses are deficient, some of them, as discussed below, are plainly non-responsive or fail to comply with the Federal Rules of Civil Procedure and the motion is granted as to those responses, and is otherwise denied.

**A.   Defendants' Responses to Plaintiff's Interrogatories**

Plaintiff identifies as deficient defendants' responses to his interrogatories numbers 2, 5, 7, and 23.

In interrogatory number 2, plaintiff asked defendants to describe any training they had received while working at High Desert State Prison and/or for the California Department of Corrections and Rehabilitation on the outpatient care of diabetic inmates. Defendants objected to the request as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Those objections lack merit and are overruled.

Without waiving their objections, each defendant provided a response to the interrogatory. Defendant Roche responded "none." Dckt. No. 86 at 50.[1] Defendant Felker responded, "I do not recall having any training while at High Desert State Prison from May 1997 through October 2008 for out patient care of Diabetic inmates housed at California Department of Corrections and Rehabilitation. Nor do I recall having any out patient care of diabetic inmates training for my time employed by CDCR." *Id.* at 28. Defendant Dovey responded "I have never worked at High Desert State Prison." *Id.* at 9.

---

[1] For ease of reference, all references to page numbers in plaintiff's filings are to those assigned via the court's electronic filing system.

3

1   Defendants Felker and Roche appear to have adequately responded to the interrogatory
2 and the court discerns no basis from which to order further responses.  However, defendant
3 Dovey's response, that he never worked at High Desert State Prison, is non-responsive to the
4 interrogatory, which encompassed not only High Desert, but the California Department of
5 Corrections and Rehabilitation.  Defendant Dovey will be ordered to serve an amended response
6 to this interrogatory.

7   In interrogatory number 5, plaintiff asked:

8   Were you made aware through the prison grievance process that unconstitutional
    practice[s] were taking place at (H.D.S.P.) High Desert State Prison, and were
9   there easily available measures that could have been taken to fix the problems.

10 *Id.* at 2.  Defendants objected on various grounds, including that the request is argumentative,
11 assumes as true facts that are in dispute, and lacks foundation.  As the interrogatory improperly
12 assumes that unconstitutional practices were taking place at High Desert, and does not refer to a
13 discrete and specific event, defendants' objections are sustained.

14   In interrogatory number 7, plaintiff asked whether any defendant had ever had any
15 complaints brought against them for negligence or malpractice.  *Id.* at 2.  Neither Dovey nor
16 Felker objected to this request and each answered "No."  *Id.* at 10, 30.  Defendant Roche raised
17 several objections, and without waiving his objections, responded, "Yes."  *Id.* at 49.  Defendants'
18 responses are responsive to the question asked and plaintiff makes no argument as to why these
19 responses are deficient.  Plaintiff's motion in this regard is denied.

20   In interrogatory number 23, plaintiff asked whether diet, exercise, and medication had
21 been prescribed by a doctor employed by the California Department of Corrections and
22 Rehabilitation for Plaintiff's diabetic condition.  *Id.* at 2.  Defendants responded that the
23 information sought is more readily available to plaintiff than to defendants, which is not a basis
24 for withholding discoverable information if it is within the defendants' possession, custody, or
25 control.  However, the court notes that the information sought, if it exists, would likely be found
26 in plaintiff's medical records.  In defendants' response to plaintiff's request for production of his

4

High Desert medical records, defendants indicated that they would provide plaintiff with any responsive documents within their possession, custody or control, and also informed plaintiff of his right to properly request his own health records from his institution. *See* Dckt. No. 86 at 68. Plaintiff does not claim to have encountered any obstacles in properly requesting and reviewing his medical records through procedures available at his institution. Accordingly, his motion as to this request is denied.

### B. Defendants' Responses to Plaintiff's Request for Admissions

Plaintiff identifies as deficient defendants' responses to his request for admissions, numbers 2, 3, 4, and 5.

In request number 2, plaintiff requested an admission that while he was housed at High Desert he was placed and housed in a unit that was often on lockdown status.

In request number 3, plaintiff requested an admission that lockdown status at High Desert is "no out of cell movement" 24 hours a day. *Id.* at 2.

In request number 4, plaintiff requested an admission that his medications, Neurontin and Enalpril, "were discontinued on 8-11-05" upon his arrival to High Desert and that he had to file an inmate appeal to have his medications reissued. *Id.*

In request number 5, plaintiff requested an admission that his "medication was only reissued for 30 days on 9-5-05," and that he had to continue his inmate appeal for effective distribution of medication and that his "refill took more than 30 days from 10-6-05 to 11-14-05" and during that time was without his medication. *Id.* at 3.

In response to each of these requests, defendants stated they were "without sufficient knowledge to admit or deny this request, and on that basis, the request is denied." *Id.* at 21-22, 41-42, 61-62. Defendant Felker also objected to request number 3 as overbroad and vague as to time, but admitted in part that there are times that High Desert is on lockdown where there is no out-of-cell movement. *Id.* at 41.

////

Plaintiff does not explain how defendants' responses are inadequate. However, Rule 36(a)(4) of the Federal Rules of Civil Procedure requires that a party asserting "lack of knowledge or information as a reason for failing to admit or deny " must state "that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." There is no indication in the response or in opposition to this motion that defendants complied with this requirement. Indeed, it does not appear plausible that defendants would be unable to admit or deny one or more of these requests for admissions after conducting the required reasonably inquiry. Accordingly, defendants Dovey and Roche will be ordered to serve amended answers to plaintiff's request for admissions, numbers 2, 3, 4, and 5, and defendant Felker will be ordered to serve amended answers to plaintiff's request for admissions, numbers 2, 4, and 5. Defendants may not, in their amended responses, raise untimely objections to any of these requests.

### C.     Defendants' Responses to Plaintiff's Request for Production

Plaintiff also moves to compel further responses to his request for production, but he does not identify any specific responses as inadequate. In all but two of defendants' responses to plaintiff's requests for production, defendants stated that they did not have any responsive documents in their possession, custody or control. Dckt. No. 86 at 67-71. Before plaintiff filed this motion, defendants certified to the court that they had provided plaintiff with all of the responsive documents in their possession, custody or control. *See* Dckt. No. 85, Price Decl. ¶¶ 4-5. Plaintiff does not contest this representation. The court cannot compel defendants to produce documents that are not within their possession, custody or control. *See* Fed. R. Civ. P. 34(a)(1) (providing for discovery of documents within a party's "possession, custody, or control").

As for the remaining two requests, the court finds that defendants raised proper objections. In request for production number 5, plaintiff asked for "Any and all Rules, Regulations, and Policies of the (C.D.C.R.) about religious dietary accommodations." Dckt. No.

6

1  86 at 69.  Defendants objected to this request because it is not relevant to any claim or defense in
2  this action.  This action proceeds on plaintiff's claims of inadequate medical care for his diabetes
3  and related health complications.  *Id.*  Plaintiff makes no showing as to how rules relating to
4  religious dietary accommodations are likely to lead to the discovery of admissible evidence.  The
5  court finds that defendants were not obligated to produce documents in response to this request.
6       In request for production number 6, plaintiff asked for "The name and, if known, the
7  address and telephone number of each individual likely to have discoverable information
8  relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of
9  information."  *Id.* at 70.  Defendants objected to this request because it was improperly requested
10  in plaintiff's request for production of documents, in interrogatory form.  *Id.*  Defendants'
11  objection is well-taken and plaintiff offers no argument as to why this objection was unjustified.
12  The court finds that defendants were not obligated to respond to this request.  *See King v. Atiyeh*,
13  814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that
14  govern other litigants").

15  **III.    Order**
16       Based on the foregoing, it is hereby ORDERED that:
17       1.  Plaintiff's April 25, 2011 objections are disregarded.
18       2.  Plaintiff's April 8, 2011 motion is granted to the extent that, within fourteen days from
19  the date of this order: (I) defendant Dovey shall serve plaintiff with an amended response to
20  interrogatory number 2; (ii) defendants Dovey and Roche shall serve amended answers to
21  plaintiff's request for admissions, numbers 2, 3, 4, and 5; and (iii) defendant Felker shall serve
22  amended answers to plaintiff's request for admissions, numbers 2, 4, and 5.  Defendants may not,
23  in their amended responses, raise untimely objections.  In all other respects, plaintiff's motion is
24  denied.
25  DATED:  June 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7