IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN HENDERSON,

      Plaintiff,                               No. CIV S-06-1325 GEB EFB P

    vs.

T. FELKER, et al.,

      Defendants.                        FINDINGS AND RECOMMENDATIONS

                                /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He filed a motion for preliminary injunctive relief, together with an affidavit, stating that he is diabetic and that officials at Corcoran State Prison are denying him an emergency snack in the event he has an insulin reaction. Dckt. No. 105. His case proceeds on his Eighth Amendment claims of deliberate indifference to his medical needs that he brought against defendants employed at High Desert State Prison. His claims are premised on his allegations of policies and practices relating to the treatment of diabetic inmates. Dckt. No. 62. For the reasons provided below, plaintiff's motion must be denied.

       A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

1

F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another--survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, plaintiff has not shown probable success on the merits nor has he produced evidence that he is likely to suffer irreparable harm absent preliminary injunctive relief.[1]

////

---

[1] Nor has plaintiff made the prison officials at Corcoran State Prison, against whom plaintiff seeks injunctive relief, parties to this lawsuit. Ordinarily, the court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). *See also Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

1     Moreover, plaintiff's request for injunctive relief is moot because he is no longer confined to Corcoran State Prison. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (an inmate's transfer from a prison while his claims are pending will generally moot any claims for injunctive relief relating to that prison's policies). The record reflects that on or around February 1, 2012, plaintiff was transferred to California State Prison, Lancaster. Dckt. No. 119.

    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's October 24, 2011 motion for a preliminary injunction, Dckt. No. 105, be denied.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 12, 2011.

                /s/ Edmund F. Brennan
                 EDMUND F. BRENNAN
                 UNITED STATES MAGISTRATE JUDGE