IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN HENDERSON,

    Plaintiff,                       No. 2:06-cv-1325 GEB EFB P

    vs.

T. FELKER, et al.,

    Defendants.             ORDER

                                   /

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are plaintiff's objections to defendants' August 1, 2012 *Rand* notice and request for supplemental briefing, and plaintiff's request for appointment of counsel. *See* Dckt. No. 136. As stated below, plaintiffs' objections are disregarded as moot and plaintiff's request for appointment of counsel is denied.

        Defendants previously moved for summary judgment and the motion was fully briefed and submitted for decision. Before the court ruled on the motion, however, the Court of Appeals for the Ninth Circuit issued an opinion in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), which requires that pro se prisoner plaintiffs be provided with notice of the requirements for opposing a motion for summary judgment at the same time that such a motion is filed and served. *See id.*

////

("The only satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand* . . . is to provide such notice *at the time that the relevant motions are filed*." (emphasis added)); *Rand v. Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring that the notice state that the court has required that it be given and that it be set forth in a separate document that is served with the moving papers). In an attempt to comply with *Woods*, defendants filed and served a *Rand* notice on August 1, 2012. Dckt. No. 131. They also requested that plaintiff be granted leave to file a supplemental brief. *Id.*

On August 9, 2012, the court determined that defendants' August 1, 2012 *Rand* notice was not sufficient to comply with *Woods*. Dckt. No. 132. The court also denied defendants' motion for summary judgment without prejudice and permitted defendants to re-serve their motion, along with the *Rand* notice to plaintiff, in accordance with *Woods*. *Id.* The court also granted plaintiff leave to file an amended opposition, but informed plaintiff that it would consider his existing opposition if he did not timely file an amended opposition. *Id.* Plaintiff's objections to defendants' August 1, 2012 filing, are therefore disregarded as moot.[1]

Plaintiff also requests appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

---

[1] On August 15, 2012, defendants re-served their motion for summary judgment along with the notice required by *Woods* and *Rand*. Dckt. No. 134.

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of
2 counsel, Dckt. No.136, is denied.
3 DATED: August 27, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3