1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10  DARREN HENDERSON,

11          Plaintiff,                          No. 2:06-cv-01325 TLN EFB P

12      vs.

13  T. FELKER, et al.,

14          Defendants.              ORDER APPOINTING EXPERT
                                 /

15

16      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17  U.S.C. § 1983.  Plaintiff's complaint challenges several institutional policies regarding the

18  treatment of diabetic inmates.  On January 24, 2013, this court determined that the assistance of

19  a neutral expert in the treatment of diabetes is necessary for the court to determine issues raised

20  by defendants' motion for summary judgment.  Dckt. No. 148.  The court sought nominees from

21  the parties of potential neutral experts.  *Id.*

22      In response to the court's order, defendants have proffered solely the names of physicians

23  employed by the California Department of Corrections and Rehabilitation.  Dckt. No. 155.

24  ////

25  ////

26  ////

1

1    Plaintiff objects that these individuals cannot be neutral, as they are institutional employees who

2    are likely to enforce the same or similar policies.[1]  Dckt. No. 160.  The court agrees.  *See*

3    www.merriam-webster.com/dictionary/neutral (last checked May 9, 2013) (defining "neutral" as

4    "not engaged on either side").

5         Because defendants have failed to offer neutral nominees and plaintiff is unable to do so,

6    the court hereby appoints Dr. Frederic B. Kraemer, a physician specializing in the treatment of

7    diabetes, to act as a neutral expert in this matter.  While the court has exercised its discretion to

8    apportion the costs of the expert entirely to defendants, Dr. Kraemer shall act as an expert on

9    behalf of the court and not on behalf of any party in this action.

10        Plaintiff has alleged that while he was housed at the Delano prison he was provided daily

11   exercise, the necessary medications, and the emergency snacks to prevent hypoglycemia (insulin

12   shock) while locked in his cell overnight, that were all necessary to control his diabetes.

13   However, he claims that after he was relocated to the High Desert prison defendants Dovey,

14   Felker and Roche, using their medical screening policy, limited plaintiff to yard exercise only

15   five times per month, refused special diets for diabetics, and refused emergency snacks to

16   counter insulin reactions during overnight confinement in the locked cell. Plaintiff also alleges

17   that these defendants, without any medical exam or review of his medical records, discontinued

18   plaintiff's pain and blood pressure medications.  Dr. Kraemer shall review the records identified

19   in this order and provide a written report to the court discussing: (1) whether the standard diet in

20   place at High Desert State Prison ("HDSP") during the relevant time period provided adequate

21   nutrition for diabetic inmates when unhealthy portions of food were removed; (2) whether a

22   diabetic inmate could perform exercise adequate to maintain health in a prison cell of the

23   dimensions described by plaintiff; and (3) whether a policy depriving diabetic prison inmates of

24   emergency snacks in their cells places those inmates at risk of harm.

25

26        [1]Plaintiff has been unable to obtain a list of potential experts.  Dckt. No. 152.

1      The legal standard to guide Dr. Kraemer is set forth below.

2      Plaintiff contends that defendants violated his Eighth Amendment rights, in part, because

3   they:  (1) failed to provide plaintiff with a special diet for diabetic inmates; (2) failed to allow

4   plaintiff adequate time and space to exercise to maintain health as a diabetic;[2] and (3) failed to

5   provide plaintiff with an emergency snack or glucose gel in his cell for use in the case of insulin

6   shock.  Defendants deny these allegations.  Defendants claim that plaintiff could maintain

7   adequate nutrition on the standard prison diet, could exercise adequately in his cell, and could

8   obtain emergency glucose by notifying correctional staff in the event he suffered insulin shock in

9   his cell.

10      To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

11   plaintiff must establish that he had a serious medical need and that the defendant's response to

12   that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

13   *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

14   treat plaintiff's condition could result in further significant injury or the unnecessary and wanton

15   infliction of pain.  *Jett*, 439 F.3d at 1096.  Indications that a prisoner has a serious need for

16   medical treatment are the following:  the existence of an injury that a reasonable doctor or

17   patient would find important and worthy of comment or treatment; the presence of a medical

18   condition that significantly affects an individual's daily activities; the existence of chronic and

19   ////

20

21      [2] Defendants have asserted that they have "presented sufficient evidence showing that
while HDSP was on lockdown, inmates were nonetheless permitted to exercise in their cell.
22   Further, Plaintiff concedes that he was able to walk at a minimum of four feet within his cell.  As
a result, Plaintiff's contention is belied by his own admission that he was able to move within his
23   cell, and Defendants did not prevent Plaintiff from exercising."  Defs.' Objs. to F&Rs, Dckt. No.
151, at 6.  They further assert that during times of lockdown "diabetic inmates were permitted to
24   exercise in their cell to maintain a healthy lifestyle for their diabetic condition. (ECF No. 134-3,
Fact 26.)  In opposition, Plaintiff contended that his cell was too small to walk, run, or play
25   sports. (Pl.'s Opp'n, 3, ECF No. 142.)  However, Defendants did not contend that inmates are
able to perform all exercises they may wish in their cell.  Rather, Defendants presented evidence
26   showing that inmates could exercise within their cell."  Dckt. No. 151, at 6.

1    substantial pain.  *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing

2    cases); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

3           An officer has been deliberately indifferent if he was (a) actually aware of the serious

4    medical need and (b) failed to adequately respond by taking reasonable measures to abate the

5    risk.  *Farmer v. Brennan*, 511 U.S. 825, 828, 837-42 (1994).  A defendant's negligence does not

6    constitute deliberate indifference (thus, conduct that falls within the standard of care also

7    necessarily comports with the Eighth Amendment).  *Estelle*, 429 U.S. at 106.  Nor does a

8    plaintiff's general disagreement with the treatment he received.  *Id.*;  *Jackson v. McIntosh*, 90

9    F.3d 330, 331 (9th Cir. 1996); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

10   Evidence that medical caregivers disagreed as to the need to pursue one course of treatment over

11   another is also insufficient, by itself, to establish deliberate indifference.  *Jackson*, 90 F.3d at

12   332.  Rather, the plaintiff must show that defendants were aware of the risk of harm and that

13   their response to the risk was medically unacceptable under the circumstances.  *Id.*

14          Accordingly, it is hereby ORDERED that:

15          1.  The court appoints Dr. Frederic B. Kraemer as a neutral expert to assist the court

16   under Federal Rule of Evidence 706.

17          2.  Per the order dated January 24, 2013 (Dckt. No. 148), the court apportions the cost of

18   the expert to defendants to be split equally between them.

19          3.  The Clerk of the Court shall send copies of the filings appearing at Docket Nos. 148,

20   134-2, 134-4, 134-5, 134-6, 134-7, 125 pages 8-23 and 42-80, and 126 to Dr. Kraemer for his

21   review at Division of Endocrinology, S-025, 300 Pasteur Drive, Stanford, CA 94305-5103.  If

22   Dr. Kraemer requires additional information to prepare his report, he may contact the court.

23          4.  Dr. Kraemer shall review those records and within 45 days thereafter submit a written

24   report to the court addressing  (1) plaintiff's contention that the standard diet in place at High

25   Desert State Prison ("HDSP") during the relevant time period provide adequate nutrition for

26   diabetic inmates when unhealthy portions of food were removed; (2) plaintiff's contention that a

1 diabetic inmate cannot perform exercise adequate to maintain health in a prison cell of the

2 dimensions described by plaintiff; and (3) plaintiff's contention that a diabetic inmate

3 experiencing an insulin shock in his cell is not able to notify correctional staff in order to obtain

4 an emergency snack?  If the answer to any of the three questions is "no," Dr. Kraemer shall

5 further opine whether the enforcement of the policy in question was medically unacceptable.

6 Additionally, if Dr. Kraemer concludes that additional information or evidence is required to

7 address these issues, he shall so indicate and, if able to do so, identify the additional information

8 that is required.  If additional time is necessary to prepare the report, Dr. Kraemer may contact

9 the court and arrange for more time.

10       a.  Dr. Kraemer shall send the report to the United States District Court, Judge

11 Edmund F. Brennan, 501 I Street, Suite 13-210, Sacramento, CA 95814.

12       b.  Dr. Kraemer shall submit the bill for his services directly to defendants

13 through their counsel William J. Douglas at the State of California Attorney General's Office,

14 1300 I Street, Suite 125, Sacramento, CA, 95814 (fax: 916-324-5205).  If defendants fail to

15 timely pay the bill, Dr. Kraemer may seek this court's assistance.

16 Dated:  May 22, 2013.

17

18 EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

5