IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARREN HENDERSON,** <br><br> Plaintiff, <br><br> v. <br><br> **T. FELKER, et al.,** <br><br> Defendants. | No. 2:06-cv-1325-GEB-EFB P <br><br><br> **ORDER SETTING SETTLEMENT CONFERENCE** |

Plaintiff is a state prisoner proceeding through counsel in a civil rights action pursuant to 42 U.S.C. § 1983.  This case has been selected by the court for inclusion in the Prisoner Settlement Program.  Therefore, this case will be referred to Magistrate Judge Craig M. Kellison to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #9 on November 7, 2013 at 8:30 a.m.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on November 7, 2013 at 8:30 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom No. 9.

/////

1

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Judge Kellison or another representative from the court will be contacting the parties either by telephone or in person, approximately one week prior to the settlement conference, to ascertain each party's expectations of the settlement conference.

5. Court-appointed neutral expert Dr. Frederic B. Kraemer shall stay his review of materials and preparation of a report as ordered on May 22, 2013 (ECF No. 163) pending settlement negotiations. If the parties fail to reach a settlement agreement on November 7, 2013, Dr. Kraemer shall immediately resume his review of records and preparation of a report.

6. The Clerk of the Court is hereby directed to send a copy of this order to Dr. Kraemer at Division of Endocrinology, S-025, 300 Pasteur Drive, Stanford, CA, 94305-5103.

Dated: October 15, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).